HOUSE *v.* FORT.

4b 293
141 554

The breach of an express warranty as to the soundness of a horse is, of itself, a valid ground of action; whether the suit be founded on tort or on contract.
If the suit in such case be in tort, the form of the declaration is, that the defendant falsely and fraudulently warranted, &c.; but the words *falsely* and *fraudulently* thus used are only matters of form.
In the case of an express warranty, a *scienter* need not be laid, nor if laid need it be proved.

May Term,
1837.

HOUSE
v.
FORT.

A witness called to give an opinion relative to the defects of a horse's eyes, stated that he was not a farrier, but that he professed to understand when he tried a horse, whether his eyes were good or not, though there might be diseases of the eyes of horses with which he was unacquainted. *Held*, that the witness might be examined.

In a suit on the warranty of the soundness of a horse, proof of the warranty and of the breach establishes the plaintiff's case: but an oral affirmation of the soundness of the horse, which was exposed at the time to the buyer's inspection, is not a warranty, unless it was so intended by both parties; and that intention must be shown to the satisfaction of the jury.

Contracts with an agent acting in his principal's name, enure to the benefit of the principal.

If a horse is warranted sound and wants the sight of an eye, an action lies; but a statement by the seller, that the horse's eyes are as good as any horse's eyes in the world, does not of itself amount to a warranty.

Tuesday,
May, 30.

APPEAL from the *Henry* Circuit Court.

BLACKFORD, J.—This was an action of trespass on the case upon promises, brought by *Fort* against *House* before a justice of the peace. The action is founded on a breach of warranty in the exchange of horses. The defendant pleaded the general issue. Verdict and judgment before the justice for the defendant. The plaintiff appealed to the Circuit Court, and obtained there a verdict and judgment. The defendant appeals to this Court.

An objection is made to these proceedings, because the Circuit Court overruled the defendant's motion to dismiss the suit. The ground of the motion was, that the statement of demand certified up by the justice, contained no cause of action. The following is the substance of the statement objected to:—

*James Fort* v. *Isaac House*. Trespass on the case. The plaintiff complains that, on, &c., at, &c., the defendant, in a certain exchange of horses with the plaintiff, falsely and fraudulently represented his horse as sound and clear of blemish, and worth 75 dollars, when, in fact, he was worth only 25 dollars, and the horse which the defendant received in exchange was worth 75 dollars; that, on the exchange, the defendant warranted that his horse was sound and had good eyes, when in fact he was blind. Damage 50 dollars.

This statement of demand is objected to, on the ground that it does not allege a *scienter*, nor a false and fraudulent warranty. An answer might be given to this objection, by merely observing that, according to the justice's transcript, this is an action on the case upon promises, and cannot therefore require

any evidence of fraud to support it. But were it an action on the case in tort, still, as an express warranty is set out, the omission of an averment of fraud, is not a substantial defect in the statement. The breach of an express warranty is of itself a valid ground of action, whether the suit be founded on tort or on contract. *Williamson* v. *Allison*, 2 East, 446. It is true that in the action on tort, the forms of the declaration are, that the defendant falsely and fraudulently warranted, &c., but the words falsely and fraudulently, in such cases, are considered as only matters of form. *Osgood* v. *Lewis*, 2 Harr. & Gill, 495. As to the *scienter*, mentioned in the defendant's argument, that is not necessary to be laid where there is a warranty, though the action be in tort; or if the *scienter* be laid in such a case, there is no necessity of proving it. *Williamson* v. *Allison*, 2 East, 446. The statement in question is entirely without form, but it is sufficient in substance; and the objection made to it was correctly overruled.

It is also objected to these proceedings, that illegal testimony was admitted. It appears that one of the plaintiff's witnesses testified, that about a month after the exchange, he examined the horse whose soundness is in controversy; that he was not a farrier, but that he professed to understand when he tried a horse whether his eyes were good or not, though there might be diseases of the eyes of horses with which he was unacquainted. The witness was then asked by the plaintiff, whether, from his knowledge of the diseases of horses' eyes, he believed the disease of the eyes of the horse in question had been of long standing, and had existed before the exchange of horses made by the parties. This question was objected to, but the witness was permitted to answer it; and his answer was in the affirmative. We think that the objection to this evidence was properly overruled. We have scarcely any veterinary surgeons in our country, and the opinions of men of such knowledge as this witness appears to have, must be admitted in cases like the present. The jury can always give such weight to the testimony as they may think it merits.

There were several instructions given to the jury of which the defendant complains.

The first is,—That if it was proved, under the issue, that the horse was warranted sound, when he was not so, the jury should find for the plaintiff. This instruction is unexceptiona-

May Term, 1837.

HOUSE
v.
FORT.

ble. Proof of the warranty and of the breach established the plaintiff's case.

The following is the second instruction:—That any positive affirmation of soundness, made at the time of the contract and before the exchange, amounts to a warranty. This instruction is not correct. An oral affirmation of the soundness of a horse, which was exposed to the purchaser's inspection, cannot be considered as a warranty, unless where it is so intended at the time by the parties; and that intention must be shown to the satisfaction of the jury. The mere affirmation of soundness, in a case like this, is not, *per se*, a warranty. It is of itself only a representation. To give it the effect of a warranty, there must be evidence to show that the parties intended it to have that effect. The following cases are in point. *Swett* v. *Colgate*, 20 Johns. 196.—*Duffee* v. *Mason*, 8 Cowen, 25.—*Osgood* v. *Lewis*, 2 Harr. & Gill, 495.

The third instruction is,—That if the plaintiff's son, by order of his father, exchanged the horses, the representations of the defendant to the son, must have the same effect as if they had been made to the plaintiff. We can see no objection to this instruction. It is a familiar principle, that contracts with an agent, acting in his principal's name, enure to the benefit of the principal; and the instruction, it may be presumed, had reference to such a case.

The fourth instruction is,—That any affirmation by the defendant of the soundness of the horse, which the plaintiff understood to amount to a warranty, was a sufficient warranty to authorise a recovery, if the horse, at the time of the exchange, was not sound. This is wrong. To give to a mere affirmation of soundness, in this case, the effect of a warranty, required, as we have already stated, that both parties should have understood it to be a warranty.

The last instruction objected to by the defendant is as follows:—That if a horse is warranted sound, and wants the sight of an eye, though it seems to be the object of one's senses, yet as the discernment of such defects is frequently a matter of skill, an action lies to recover damages. There can be no objection to this instruction. Indeed, the Circuit Court has here adopted the precise language of *Blackstone*. 3 Bl. Comm. 165.

There was one instruction asked for by the defendant, viz.

That if the defendant, at the time of the exchange, on being questioned as to the horse's eyes, said they were as good as any horse's eyes in the world, that did not amount to a warranty. This instruction was refused. The record shows, that the defendant spoke the words mentioned in this instruction, and the question presented is, do those words of themselves, in this case, amount to a warranty? Our opinion is that they do not, and that the instruction should have been given. The observations which we have already made, relative to the second instruction asked for by the plaintiff, are applicable to this part of the case. There was no warranty *in terms;* and if by the language used a warranty was intended, that intention was to be proved. The language, as it is presented in the instruction, is not of itself a warranty either express or implied.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*C. H. Test,* for the appellant.
*C. B. Smith,* for the appellee.