Baldwin, J.
delivered the opinion of the Court.
In this case the instruction given at the trial, on the motion of the defendant, was not in reference to the form of the action or the form of the evidence of warranty. The defendant did not assert or concede that there was a warranty by deed or any warranty at all. On the contrary, his own evidence presented the question, whether the bill of sale for the slave, executed by the defendant, before the sale, and in blank as to the name of the vendee and other particulars, and left with his agent in that condition, to be filled up by the latter after a sale should be made by him for the defendant, and so filled up by the agent, without any authority from the defendant by deed, or any other authority than as above mentioned, was in point of law the deed of the defendant. And also the further question, whether the verbal authority to the agent to fill up the blanks in the bill of sale still existed at the time therein mentioned, or had been exhausted by a prior sale by the agent to the plaintiff, which was rescinded by agreement between them, without consultation with the defendant. And if the bill of sale was not upon either ground the deed of the defendant, or whether it was so or not, still an ulterior question was presented by the evidence, whether the plaintiff could avail himself of a parol warranty of soundness made by the agent at his last sale aforesaid.
The instruction given for the defendant was not upon any of those points. The Court was not called up,on to say to the jury that if they believed the evidence the verbal authority from the defendant to his agent to ■fill up the blanks in the bill of sale was sufficient in ' law, or that it was not exhausted by the first sale made ■ by the agent, or that the bill of sale was the deed of the defendant, or that covenant and not case was the plaintiff’s only remedy, unless there was actual fraud in the sale of the slave, or that the plaintiff could not *450 recover upon the parol warranty made by the agent. But the broad instruction given to the jury was in effect that whether the warranty was by deed or by parol, the plaintiff could not recover upon either count of his declaration, without proving moreover, not only that the slave was unsound at the time of the sale, but that the defendant knew of the unsoundness, and fraudulently concealed it, or falsely and fraudulently represented the slave to be sound. This instruction was clearly wrong, in regard to the first count of the declaration, which was not founded upon actual fraud, but upon a mere warranty only.
The action of trespass on the case, is a proper remedy for the breach of an express warranty of soundness of a slave, or other personal chattel sold, as much so as the action of assumpsit, with which it is a concurrent remedy, and the party aggrieved may elect between them. In both forms of action, the gravamen is the breach of the warranty, which in the former is treated as a tort, with the appropriate language in declaring for a tort, but a scienter or knowledge of the defendant of unsoundness is immaterial, and need not be alleged in the declaration, nor if alleged need it be proved. This is the firmly established doctrine of the Courts, both in England and in this country, ever since its adjudication in Williamson v. Allison, 2 East’s' R. 446. It seems however that the directly opposite proposition was asserted by the defendant, and that it was contended on his part at the trial, that in case upon an express warranty actual fraud is the gist of the action^ and must be established, though a breach of the warranty be proved. ■
It is true that upon the second count of the declara-' tion actual fraud, which involved the scienter of the de- '■ fendant, was essential to the plaintiff’s recovery; that count not being founded upon the warranty, but upon a fraudulent concealment or misrepresentation of unsound *451 ness: but in the first count a scienter oi the unsoundness is not even alleged, and the substantial grievance complained of is, that the plaintiff was deceived and injured by the falseness or wrongfulness of the warranty itself. Upon the second count the plaintiff was entitled to recover on proof of actual fraud, whether the warranty was by deed or by parol: And upon the first count, the defendant seems to have silently waived the question whether the warranty was by deed or by parol. This it was competent for him to do, and if a verdict had been rendered for the plaintiff on that count and a new trial asked for, it could not have been properly granted on the ground that the warranty was by deed.
This Court cannot undertake to say that the instruction given for the defendant was correct, because the warranty was not by parol but by deed ? The bill of exceptions cannot be treated as a demurrer to evidence, and a point raised which was not asserted in the motion for instruction to the jury. There was evidence before the jury tending to prove a warranty by parol as well as by deed, and it would be improper to infer the correctness of the broad proposition as applicable to the sale, that actual fraud was necessary to maintain the action, by inference from a narrower proposition not asserted, that the warranty was by deed and not by parol, and therefore that in the absence of actual fraud the proper remedy was in covenant and not in case. A party moving an instruction ought to lay his finger upon the very point, and not leave the correctness of his proposition upon the silent assumption of another proposition unasserted though presented by the evidence. Such a practice might tend to surprise the Court and mislead the jury. In this case the jury might have inferred, and most probably did infer, from the instruction given, that the only question for their consideration was whether actual fraud was proved by the evidence.
*452 It seems therefore to the Court, that the instruction given to the jury by the Hustings court, was erroneous, and that its judgment was therefore correctly reversed by the Circuit court.
But it further seems to the Court, that the Circuit court erred in its direction that upon the new trial to be had, the instruction moved by the plaintiff and rejected by the Hustings court should be given to the jury, which direction must be treated as part of the judgment of the Circuit court. The instruction so directed, in effect assumes that whether the warranty was by deed or by parol, the plaintiff is entitled to recover without proof of actual fraud on the part of the defendant.
Both judgments reversed with costs, and case remanded for a new trial upon the evidence which may be adduced by the parties; and such proper instructions as the Court may thereupon give to the jury.
Judgment reversed.