## Wytheville.

## YATES V. LEY.

### June 14, 1917.

Absent, Burks, J.

1. ACKNOWLEDGMENT—*Deed of Trust—Acknowledgment Taken by Trustee who was Notary Public.*—A certificate of acknowledgment to a deed of trust is void, where the acknowledgment was taken and certified by a notary, who was designated in the deed as trustee.

2. NOTARY PUBLIC—*Liability.*—A notary public is not liable for a loss resulting from the fact that, within his jurisdiction and in good faith, he took and certified a void acknowledgment to a deed.

3. PUBLIC OFFICERS—*Liability.*—Public officers who erroneously exercise judicial functions are not liable therefor in damages in any case in which they have acted within their jurisdiction and in good faith.

4. AGENCY—*Notary Public.*—Plaintiff contended that defendant, the cashier of a bank and a notary public, was her agent in negotiating and placing a loan, and was liable for a loss occasioned by his taking the acknowledgment to a deed of trust in which he was named as trustee. Defendant introduced evidence that the transaction in question was conducted by plaintiff's nephew, a law student; that he was not plaintiff's adviser and did nothing more in negotiating the loan than to tell her nephew that he thought the property was worth the debt; that he was named as trustee without his knowledge; and, that if he had known that he was trustee he would not have known that this fact affected the validity of the acknowledgment. There was other evidence supporting defendant's position, that, if he was the plaintiff's agent or bailee in any sense at all, he was so merely in a gratuitous capacity and at most could only be held liable for gross negligence.

   *Held:* That there was ample evidence upon which to base a verdict for defendant.

5. ACKNOWLEDGMENTS—*Liability of Notary.*—The taking of an acknowledgment to a deed by a notary public is, under the law of Virginia, a judicial act and a notary public is by the law of Virginia authorized to take acknowledgments to deeds

34

of all persons appearing before him for that purpose, within the limits of the county or city for which he is appointed; and the question as to whether or not he can take a valid acknowledgment to a deed, in which he is named as trustee, is a question of law, and for an error on the part of a notary public in taking an acknoldegment as such and in good faith to any deed to which he is a party as trustee, he is not liable for damages to a party who suffers damage or loss thereby.

6.  AGENCY—*Gratuitous Agent or Bailee—Liability for Negligence.*— An agent or a bailee, acting without compensation and solely for the accommodation of the principal or bailor, is liable only for gross neglect.  This is the general rule; and it is the rule applicable to the instant case.  There is nothing in the evidence to remove the defendant's alleged agency from the general rule and bring it within the qualification thereof relating to agents who hold themselves out as possessing special and peculiar skill in the subject matter of the agency.

7.  APPEAL AND ERROR—*Harmless Error—Instructions.*—In an action against a trustee in a deed of trust for a loss through the defective acknowledgment of the deed, the trial court was requested by plaintiff to instruct the jury that any negligence of plaintiff's agent, if the jury believe that he was in any way negligent, which concurred with or intervened after the negligence of defendant, should they believe him negligent under the instructions of the court, does not relieve the defendant of his liability to the plaintiff for her loss proximately caused by some negligent act of his.  And even though they may believe from the evidence that the agent was negligent, and further believe from the evidence that his negligence contributed to the loss of the plaintiff, yet if the negligence of defendant was the efficient cause of the plaintiff's loss, defendant is liable.  The court refused to give this instruction. Conceding that the instruction, technically and in the abstract, embodied a correct rule of law, its refusal should be regarded as harmless error, where the instructions as a whole presented the respective contentions of the parties in a full and fair manner, placing the emphasis where it belonged, and leaving no probable chance for the jury to find against the plaintiff, if they believed from the evidence that negligence of the defendant was the cause of her loss.

Error to a judgment of the Corporation Court of the city of Danville, in an action of trespass on the case. Judgment for defendant.  Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*A. M. Aiken* and *Malcolm K. Harris,* for the plaintiff in error.

*William Leigh* and *Eugene Withers,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

J. M. Ley was named as the trustee in a deed of trust to secure Augusta Yates in the payment of a loan made by her to W. S. Paylor. Ley was a notary public and as such took and certified the acknowledgment to the deed. Paylor proved to be insolvent. The certificate, under the settled law of this State, was void, and Miss Yates was deprived of the preference which otherwise she would have had over other creditors, and thereby lost a large part of her debt. She brought this action of trespass on the case against Ley, seeking to hold him responsible for the loss. There were three mistrials, each owing to a failure of the jury to agree. The fourth trial resulted in a verdict and judgment for the defendant, and the plaintiff brings the case here for review.

The declaration contains three counts, but there are only two theories advanced therein upon which a recovery is sought.

The first is that the defendant, who was the cashier of the bank in which the plaintiff's money was deposited at the time, was her agent and bailee in negotiating and placing the loan; that he was designated as trustee by his own consent and request, and upon the consideration that he would have the deed of trust properly executed, acknowledged and recorded before delivering the check for the loan; that he ought to have known and did know that the certificate of acknowledgment was void; that it was

his duty as her agent and bailee to exercise ordinary and reasonable care to avoid any act or omission that would result in the loss of her money; that he violated this duty and thereby became liable to her. There was also an allegation of corrupt conduct on the part of the defendant which does not appear to have been relied upon, and may be disregarded.

Upon this first aspect of the case the defendant's position was, that if he was the plaintiff's agent or bailee in any sense at all (which he denies), he was so merely in a gratuitous capacity, and at most could only be held liable for gross negligence.

We shall not discuss at length the evidence upon this point, since the question was one for the jury and was by it resolved in favor of the defendant. On behalf of the plaintiff it is earnestly insisted that there was no real conflict of testimony, and, therefore, no question for the jury, the argument being that the defendant's own version of the transaction is inherently incredible. We are unable to take this view of the case. There can be no doubt, and it is not now denied, that the transaction in the main was conducted by the plaintiff's nephew, A. M. Aiken, Jr., a young man twenty-one years of age, then a law student, and now of counsel in this case. He prepared the deed of trust, and received the bonus paid by the borrower, which, so far as appears, was the only compensation paid to anybody in connection with the matter. He also had entire control of his aunt's money, deposited it in his individual name in Ley's bank, and signed the check by which the money was paid, through Ley, to Paylor. Miss Yates did not see Ley at any time in connection with the matter. Such communications as passed between them were carried on by verbal messages through Aiken. As to these facts, there is no serious dispute, and they are clearly established by the record. There is evidence on

the part of the plaintiff, which, if undisputed, would perhaps prove that Aiken acted throughout under the advice and direction of the defendant, but this the latter emphatically denies. He testifies that he was not the plaintiff's adviser, except in a friendly way, and in response to requests and inquiries coming through her nephew; that he did nothing more in negotiating the loan than to tell her nephew, in reply to an inquiry, that he thought the Paylor property was worth the debt; that he was named as trustee without his knowledge; that if he had known he was trustee, he would not have known that this fact affected the validity of the acknowledgment; that in filling out the certificate he did not look to the body of the deed even to get the date because the certificate had already been typewritten by Aiken, leaving nothing for him to do except to insert his name, the date of the expiration of his commission as notary, the date of the acknowledgment, and to affix his signature; and that after he took and certified the acknowledgment he delivered the deed to Aiken and saw it no more until after the insolvency of Paylor developed. The certificate was as follows, the italics indicating the only words and figures inserted by Ley:

"State of Virginia,
        "City of Danville, to-wit:
"I, *J. M. Ley*, a Notary Public, in and for the city of Danville, in the State of Virginia, do certify that W. E. Paylor and A. E. Paylor, his wife, whose names are signed to the foregoing and annexed deed, bearing date of the 14th day of September, 1911, have severally acknowledged the same before me in my city and State aforesaid. My commission as Notary Public expires on the *18th* day of *February*, 1915.

"Given under my hand this 15th day of September, 1911.

"*J. M. LEY,*"
"Notary Public."

We are clearly of opinion that there was ample evidence upon which to base a verdict for the defendant on the issues of fact, and the only remaining question to be considered upon this branch of the case is whether the jury was properly instructed upon the law applicable thereto. It will be more orderly, however, to dispose of the questions arising upon the instructions after we shall have discussed somewhat the second theory upon which the plaintiff rests her claim to a recovery. This theory is that the defendant, in his official capacity as notary public, owed plaintiff the duty of exercising the functions of his office legally and within his jurisdiction, and that he caused her a loss of property by a breach of this duty.

There is, we think, under the authorities in this State, no room for question as to the correctness of the judgment upon this branch of the case. The notary undoubtedly acted within his jurisdiction, although he erred in its exercise. No bad faith on his part is shown or claimed. The inquiry, therefore, is reduced to this narrow issue: Is a notary public liable under the law in Virginia for a loss resulting from the fact that, within his jurisdiction and in good faith, he has taken and certified a void acknowledgment to a deed? The authorities have settled this question in the negative. The taking of an acknowledgment is a judicial act. *Davis* v. *Beazley,* 75 Va. 491, 496; *McCauley* v. *Grim,* 115 Va. 610, 612, 79 S. E. 1041, 2 Minor's Real Prop., sec. 1398. Public officers who erroneously exercise judicial functions are not liable therefor in damages in any case in which they have acted within their jurisdiction and in good faith. *Johnston* v. *Moor-*

*man,* 80 Va. 131, 141-2; *Henderson* v. *Smith,* 26 W. Va. 829, 33 Am. Rep. 139, 145; 2 Cooley on Torts (3d ed.), 795.

Proceeding now to take up the instructions to the jury, it may be said that the foregoing discussion has practically disposed of the objections urged against them. The questions of fact as to the defendant's relationship to Miss Yates, whether a paid agent and bailee, or a stranger, and the rules of law controlling the liability in these respective relationships were submitted to the jury clearly and correctly, with the further instruction that, when a notary public takes an acknowledgment to a deed, within his jurisdiction and in good faith, he acts judicially and cannot be held liable in damages for an error made by him in the exercise of this function.

While there was an exception to the action of the court in refusing six of the eleven instructions asked for by plaintiff, and in giving six requested by the defendant, and a general assignment of error accordingly, the principal complaint made in the petition for the writ of error is directed at the giving of defendant's instructions 2 and 9 and the refusal of plaintiff's instruction "J."

Instruction 2 was as follows: "The court instructs the jury that the taking of an acknowledgment to a deed by a notary public is, under the law of Virginia, a judicial act and a notary public is by the law of Virginia authorized to take acknowledgments to deeds of all persons appearing before him for that purpose, within the limits of the county or city for which he is appointed; and the question as to whether or not he can take a valid acknowledgment to a deed, in which he is named as trustee, is a question of law, and for an error on the part of a notary public in taking acknowledgments as such and in good faith to any deed to which he is a party as trustee, he is not liable for damages to a party who suffers damage or loss thereby."

As already indicated, the foregoing instruction is a correct statement of the law in Virginia, and no further comment is necessary.

Instruction 9 was as follows: "The court instructs the jury that if they believe from the evidence that the defendant, J. M. Ley, without pecuniary compensation, and solely for the accommodation of the plaintiff, undertook to and did procure the signatures of W. S. Paylor and wife, A. E. Paylor, to the deed of trust in evidence in this case, and did take the acknowledgment of said Paylor and wife thereto, and thereafter put said deed of trust, so signed and acknowledged, in the clerk's office of this court for recordation, and did then, in pursuance of directions from plaintiff previously given, deliver, or cause to be delivered to W. S. Paylor the check evidencing the loan secured by said deed of trust, and that said defendant, Ley, was without gross negligence on his part in so doing, then they must find for the defendant."

An instruction given by the court, upon its own motion, and not objected to by either party, embodies substantially the proposition of law contained in this one, namely, that an agent or a bailee, acting without compensation and solely for the accommodation of the principal or bailor, is liable only for gross neglect. This is the general rule (2 Min. Inst., p. 276; *Carrington* v. *Ficklin,* 32 Gratt. [73 Va.] 670, 677; 1 Am. & Eng. Enc. L., 2d ed., 1070; 2 C. J. 722) ; and it is the rule applicable to this case. There is nothing in the evidence, nor, as we understand, in the contention of the plaintiff, to remove the defendant's alleged agency from the general rule and bring it within the qualification thereof relating to agents who hold themselves out as possessing special and peculiar skill in the subject matter of the agency.

Instruction "J.," refused by the court, was as follows: "The court instructs the jury that any negligence of A.

M. Aiken, Jr., if the jury believe that he was in any way negligent, which concurred with or intervened after the negligence of J. M. Ley, should they believe him negligent under the instructions of the court, does not relieve the said J. M. Ley of his liability to the plaintiff for her loss proximately caused by some negligent act of his. And even though they may believe from the evidence that Aiken was negligent, and further believe from the evidence that his negligence contributed to the loss of the plaintiff's, yet if they further believe from the evidence that the negligence of J. M. Ley was the efficient cause of the plaintiff's loss, the said J. M. Ley is liable for the full amount of the loss, and they must so find for the plaintiff."

In pressing upon us the propriety of this instruction, the plaintiff in her petition for the writ of error says: "The principal defense of the defendant was upon the theory that even though Ley was admittedly negligent, that such negligence was excusable by reason of the fact that Aiken failed to subsequently discover and correct Ley's mistake." We are unable to discover that any such defense as this was made, much less that it was the principal defense. Upon the contrary, the issues were drawn and the case was tried upon the two theories hereinbefore set out, and the principal defense under the agency theory was that Ley was not the agent of Miss Yates at all, or at most was only a gratuitous agent. It is true that the defendant stressed the evidence of Aiken's agency, but this was done to negative the claim that the defendant was the representative of Miss Yates—not to excuse any negligence of his own in that capacity. Moreover, under the evidence in the case, this instruction might have led to confusion with instruction 2, without some further expression therein limiting it to the agency theory.

The case of *Henderson* v. *Smith, supra,* which was an action against a notary for defectively certifying an acknowledgment, seems to be authority for the proposition

that in cases of this character the acceptance of the defective certificate and the subsequent recordation of the deed must be regarded as .the proximate, and the notary's error as the remote, cause of the resulting loss. In that view, cases like *Walton, Witten and Graham* v. *Miller*, 109 Va. 210, 63 S. E. 458, 132 Am. St. Rep. 908, involving the principle of the concurring negligence of two or more parties in the production of an indivisible loss, would have no application here. We do not, however, rest our conclusion with reference to instruction "J" upon this latter ground. If it be conceded that the instruction, technically and in the abstract, embodied a correct rule of law, we do not think its refusal in this case should be regarded as harmful error.

The instructions as a whole presented the respective contentions of the parties in a full and fair manner, placing the emphasis where it belonged, and leaving no probable chance for the jury to find against the plaintiff, if they believed from the evidence that negligence of the defendant was the cause of their loss. The learned and able judge who presided at all four of the trials declined to set aside the verdict, and we think his judgment was right. Due regard being had to the established rules of law and procedure which are guaranteed to litigants and constitute safeguards of property rights, a sound public policy requires that there should be a reasonably speedy end to every law suit. To reverse this case for the refusal of instruction "J" would be a backward step in the proper enforcement of this principle of public good, and would be inconsistent with the modern trend of legislative and judicial policy in applying the doctrine of harmless error. *Standard Paint Co.* v. *Vietor & Co.*, 120 Va. 595, 91 S. E. 752, 757.

The result operates a hardship on Miss Yates, which we deplore; but it does not seem improper to add that upon

the record before us the verdict of the jury appears to comport with the weight of the evidence and must be regarded as the right of the case, unless and until it is held, as a general proposition of law, that a notary public, acting in his jurisdiction and in good faith, is liable for damages resulting from an error made by him in taking and certifying an acknowledgment to a deed.

The judgment is affirmed.

*Affirmed.*