## Richmond.

LANGHORNE, BY &C. V. RICHMOND CITY RAILWAY CO.

APRIL 18, 1895.

1. COMMON LAW PLEADING—*Corporations having Several Names—Amendment of Pleadings—Section 3384 of the Code.*—A corporation may be known by several names as well as a natural person, and though sued for a tort alleged to have been committed under another name, a recovery may be had against it in its true name, provided its identity is averred in the pleadings and sustained by the proof. But this evidence must be confined to the issues made by the pleadings. If one corporation is sued for a personal injury, and the evidence of the defendants tends to show that the injury was committed by another corporation, the plaintiff, upon request, should be allowed to amend his declaration so as to charge that the two corporations were one and the same corporation known by both names. Section 3384 of the Code was clearly intended to provide for such a case, and, being remedial in its character, should be liberally construed.

Error to a judgment of the Circuit Court of the city of Richmond, rendered January 8, 1891, in action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Wm. P. DeSaussure* and *James Lyons,* for the plaintiff in error.

*G. Carlton Jackson, Christian & Christian* and *Wyndham R. Meredith,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This case was decided by this court at its March term, 1894, and the judgment of the Circuit Court of the city of Richmond, to which the writ of error was awarded was reversed. A rehearing was granted, and in this way the case is again before this court.

In the year 1890, the plaintiff in error brought an action of trespass on the case against the Richmond City Railway Company, in the Circuit Court for the city of Richmond, to recover damages for injuries alleged to have been done him by the defendant company whilst traveling as a passenger on its road. The case was tried in the year 1891, and a verdict and judgment rendered in favor of the defendant.

There are several assignments of error, but in the view we take of the case it will only be necessary for us to consider one of them; and that is, did the court err in overruling the plaintiff's motion to amend his pleadings during the trial of the cause.

After the plaintiff had introduced his evidence which tended to show the injuries done him and his right to recover damages, the defendant introduced certain written evidence which tended to show that the defendant, the Richmond City Railway Company, had become the owner by purchase of the property, rights, and franchises of the Richmond Railway Company, the corporation owning and operating the street railway at the time the injury complained of was done, and that it was not responsible to the plaintiff for the injuries done him. The plaintiff, after offering in evidence in rebuttal an older deed of trust upon a portion of the property of the Richmond Railway Company than the trusts under which its property has been sold, as claimed by the defendant, moved the court to allow him to amend the writ and declaration in the case. The object of the amendment, which he asked to

be allowed to make, was to put in issue the question whether or not the Richmond Railway Company and the Richmond City Railway Company were one and the same corporation, known by both names. There was no allegation in the declaration that such was the fact. The counsel for the defendant insist that proof was admissible to show such identity without such an allegation, and that there was no necessity for the amendment, if it were otherwise proper, which they deny. That view cannot be sustained. The evidence must be confined to the issues made by the pleadings. This is the general and well settled rule. But for the earnestness of counsel in presenting the opposite view, we would not consider it necessary to cite authority upon this question. A corporation may be known by several names, as well as a natural person, and a recovery may be had against it in its true name *provided its identity "be averred in pleading and apparent in proof."* In *McGregor* v. *Fuller Implement Co.,* 72 Iowa, 143, it was held, in an action on an account, that "the value of services rendered to one corporation cannot be recovered in a suit against another corporation on the ground that the two corporations are identical, and that there was only a change of name, unless the fact thus relied upon is distinctly alleged in the plaintiff's pleading." Angel & Ames on Corp. sec. 234; 2 Beach on Pr. Corp., sec. 864; Daniel on Neg. Inst., sec. 399; 4 Amer. & Eng. Encl. Law, 204, note (3).

When the motion to amend was made, there was a variance between the allegation and the proof, and unless the amendment was allowed, and the plaintiff given an opportunity to show the identity of the Richmond Railway Company and the Richmond City Railway Company, he must fail in his action. Sec. 3384 of the Code provides that—

" If, at the trial of any action, there appears to be a variance between the evidence and allegations or recitals, the court, if it consider that substantial

justice will be promoted and that the opposite party will not be prejudiced thereby, may allow the pleadings to be amended on such terms as to the payment of costs or postponement of the trial, or both, as it may deem reasonable."

Statutes allowing amendments are favored, and although resting in the sound discretion of the court, the authorities, without exception it is said, declare that such statutes are remedial and must be construed liberally.    1 Encyclopedia of Pl. & Pr. 516-17.    Sec. 3384 of the Code was clearly intended to provide for such cases as the one under consideration.    By allowing the pleadings to be amended so as to put in issue the identity of the Richmond Railway Company and the defendant company, the whole controversy between the parties could have been settled.    By refusing it, the court compelled the plaintiff to take a non suit or to submit to a verdict in favor of the defendant, not upon the merits of the case, but because, as it appeared from the evidence then before the jury, one corporation had done the injury complained of, and another corporation had been sued; and that too, when the plaintiff was insisting that this was not the fact, but that they were one corporation known by both names, and asking the court for leave to amend his declaration that he might have an opportunty to introduce evidence to show it.    There is no suggestion of laches on the part of the plaintiff in not amending, or asking leave to amend, his pleadings earlier.    Neither does it appear that the defendant would have been prejudiced thereby, except in being prevented from taking advantage of the variance between the pleading and proof in the cause, which advantage it was one of the expressed objects of sec. 3384 of the Code to prevent.

The Circuit Court, we think, erred in refusing to allow the declaration in the case to be amended, and for that error its judgment will have to be reversed, the verdict set aside, and a new trial awarded, with leave to the plaintiff to amend his

declaration.    And as the evidence may be different upon the next trial, upon the amended pleadings, it is not necessary to pass upon the other assignments of error, which are based upon the court's action in giving and refusing instructions.

Reversed.