𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

NORFOLK AND WESTERN RAILWAY CO. V. WARDEN.

September 9, 1915.

1. PLEADING—*Allegation and Proof—Case at Bar.*—A party cannot charge one ground of negligence and recover upon another. The allegations and proof must correspond. An allegation that the plaintiff was wrongfully ejected from a train, and violently and forcibly thrown to the ground, thereby dislocating one of his hips, is not sustained by proof that he was ejected from the train, left in an unsafe place, and as the proximate result wandered about in the dark until he fell from a trestle and sustained the injuries complained of.

2. DEMURRER TO THE EVIDENCE—*Evidence Improperly Received—Appeal and Error.*—A demurrer to the evidence does not waive an objection to illegal evidence received by the trial court, but the plaintiff's situation in this court with the motion to exclude sustained, is materially different from what it would have been upon a similar ruling in the lower court. There leave might have been obtained to amend the declaration to conform to the proof; here no such opportunity is afforded, hence this court will not enter up judgment for the defendant on his demurrer to the evidence, but will remand the case to the trial court with direction to permit the plaintiff to amend his declaration if he shall be so advised.

3. DAMAGES—*Mitigation—Drunkenness.*—Drunkenness may constitute contributory negligence in a given case, and thus bar a recovery, but when a person in a drunken condition sustains injuries under circumstances entitling him to recover, his drunkenness cannot be invoked in mitigation. The doctrine of comparative negligence does not prevail in this jurisdiction.

Error to a judgment of the Circuit Court of Pulaski county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. C. Wysor,* for the plaintiff in error.

*E. Lee Trinkle* and *John S. Draper,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This action was brought to recover damages for personal injuries sustained by the plaintiff, David Warden, alleged to have been caused by his wrongful ejection from one of the defendant company's passenger trains. There was a judgment for the plaintiff and the defendant brings the case here on a writ of error.

There were two counts in the declaration, but to all intents and purposes they are one and the same. In substance and effect, and so far as material to this decision, the case stated in the declaration is that the plaintiff, being much under the influence of whiskey, boarded the train at Pulaski, Va., as a passenger, or for the purpose of becoming one, and that after the train started, but while yet in the yards in the town of Pulaski, the defendant's agents, well knowing his condition, wrongfully, forcibly and negligently ejected him from the train in the dark, and violently and forcibly threw him to the ground by the side of the track, thereby dislocating one of his hips, etc., and left him "in a dangerous place."

The first and second grounds of error assigned relate to the action of the court in overruling a demurrer to the declaration and in declining to require the plaintiff to strike out the allegation as to the dangerous place at which the ejection occurred. As the cause must be reversed upon another ground, and as a new trial, if one is had, will probably be upon a declaration amended in respect to the place, it is unnecessary to say more as to these two assignments, and we pass to a consideration of the third assignment, which is as follows:

"The circuit court erred in overruling defendant's motion made after all the evidence was introduced to strike out and withdraw from the consideration of the jury all the evidence relative to plaintiff's being ejected from the train at an unsafe place, because there is no allegation in the declaration of the character of the place, and no allegation therein that the plaintiff was injured by being ejected at an unsafe place."

Upon the trial the evidence introduced failed utterly to show that the plaintiff was thrown from the train and thereby injured, but it did tend to show that he was negligently left in an unsafe place and, as a proximate result, wandered about in the dark until he fell from a trestle and sustained the injuries of which he complains. The plaintiff, who was found in an unconscious condition about two hours after he was ejected, testified that he was very drunk and remembered nothing from the time he was taken out to the platform of the car until some time the next morning. This may account for the variance between the declaration and the proof, since he, at least, was in no position to explain the facts to his counsel.

The defendant, after all the evidence was in, made the motion, as indicated in the assignment above quoted, to exclude all the testimony relating to the danger of the place. This motion should have been sustained, and it was error to overrule it. By no reasonable interpretation is it possible to construe either count in the declaration so as to constitute a charge that the plaintiff was injured by reason of being left at an unsafe place. Counsel for plaintiff earnestly contend for such a construction, but we are unable to accept it. There was a material variance between the allegations and the proof in this respect. The proof, it is true, tended to make out a cause of action, but

not as alleged in the declaration. A party cannot charge one ground of negligence and recover upon another. The allegations and the proof must correspond. This rule is elementary and fundamental, and its reasonable observance is indispensable to a proper and safe administration of justice. *Richmond Railway Co.* v. *West,* 100 Va. 184, 189, 40 S. E. 643, and authorities cited.

After the above mentioned motion was made and overruled, the defendant demurred to the evidence. The demurrer was overruled and this action of the trial court is also assigned as error.

The contention of the defendant is that with the evidence excluded as to the danger of the place there is no proof at all in the case upon which a recovery can be sustained. This is undoubtedly true. We are of opinion, however, that the proper course for this court to pursue in a case like this is, not to enter a final judgment for the defendant upon the demurrer to the evidence, but to reverse the judgment for the error in overruling the motion to exclude evidence at variance with the declaration and remand the cause for a new trial. The demurrer to the evidence did not waive the objection to the evidence (*Dishazer* v. *Maitland,* 12 Leigh 524), but the plaintiff's situation in this court, with the motion to exclude sustained, is materially different from what it would have been upon a similar ruling in the lower court. There he might have asked and obtained, upon terms fair to the defendant, under section 3384 of the Code, leave to amend his declaration so as to conform to the proof. Here we can give him no such opportunity unless we send the case back.

Without expressing any opinion as to the merits of this particular case, when viewed on the evidence appearing in the record, independent of the pleadings, we are unwilling to approve a rule of practice which would make it possible for a party having a meritorious case to fail irre-

vocably, without any chance to amend, merely because he has in the first instance imperfectly stated his case. The ends of justice are more adequately met by a rule which, on the one hand, will not permit a plaintiff to state one case and recover upon another, and, on the other hand, will afford a reasonable opportunity to amend the pleadings when a variance develops. This is in accord with the settled policy of our laws. *Langhorne* v. *Railway Co.*, 91 Va. 364, 366-7, 22 S. E. 357.

One other assignment of error, involving a question which might arise upon a new trial, is that the circuit court instructed the jury that they could not consider the drunkenness of the plaintiff in fixing the amount of damages.

This was not error. Drunkenness might constitute contributory negligence in a given case and thus bar a recovery, but when a person in a drunken condition sustains injuries under circumstances entitling him to recover, his drunkenness cannot be invoked in mitigation. The doctrine of comparative negligence does not prevail in this jurisdiction.

The judgment complained of will be reversed and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*