## CIRCUIT COURT OF FAIRFAX COUNTY

Alton Childs

    v.

Westinghouse Electric Corp.

May 24, 1988

Case No. (Law) 83217

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on Defendant's Demurrer by which it asserts that Counts III and VI of Plaintiff's Motion for Judgment fail to state causes of action for which relief may be granted. The Court has carefully reviewed the pleadings, as well as the briefs and oral arguments of counsel. For the reasons specified below, Defendant's Demurrer is sustained in part and overruled in part.

In Count III of his Motion for Judgment, Plaintiff alleges that Defendant designed, manufactured, marketed, distributed and sold a defective and unreasonably dangerous switch and busway system which proximately and foreseeably caused the injuries of which he complains. In essence, he attempts to state a cause of action for strict liability in tort, a theory of recovery widely recognized and embraced by the majority of jurisdictions in products liability cases.

Defendant demurs to this count on the ground that strict liability in tort is a legal theory not recognized by the Commonwealth of Virginia in sales cases. It argues that, by enacting § 2-318 of the Uniform Commercial Code (UCC), Va. Code § 8.2-318 (Added Vol. 1965), the General Assembly intended to pre-empt the doctrine of strict

liability and that given the similarity between the two approaches, this Court is precluded from recognizing strict liability as a cognizable cause of action.

Although acknowledging that Virginia has not adopted the doctrine of strict liability in sales cases, Plaintiff contends that the Court is not prevented from applying it in the case at bar. He presents a number of well-reasoned arguments to support his position, and asserts that the provisions of Article 2 of the UCC and the principles of strict liability in tort are sufficiently dissimilar to warrant the recognition of cognizable claims under either approach.

Although both arguments are interesting and well-presented, the Court finds that the General Assembly's enactment of § 8.2-318 precludes the adoption of strict liability in tort and therefore sustains Defendant's demurrer to Count III.

In reaching its decision, the Court is guided, not only by the authority cited by counsel, but by the analysis of the Supreme Court of Delaware in *Cline v. Prowler Industries of Maryland, Inc.*, 418 A.2d 968 (1980). *See also* "Pre-emption of Strict Liability in Tort by Provisions of UCC Article 2," 15 A.L.R.4th 791 (1982). The *Cline* court, in holding that Article 2 of the UCC prevented the adoption of strict liability in tort in the law of sales, conducted an extensive review of the arguments of both the opponents and proponents of the pre-emption theory. Generally, opponents of pre-emption argue that since strict liability has its foundation in tort, rather than contract, the UCC does not prevent its application in the law of sales. *Cline*, 418 A.2d at 975. Their position is based on three basic assumptions:

> (1) The "warranty" serving as the basis for strict liability has its theoretical foundation in tort law;
> (2) The U.C.C. is purely contractual in nature and therefore purely tortious theories of recovery are outside its pale; and
> (3) The language of the Official Comments following Section 2-318 allows extra-Code development of tort law by the judiciary.

*Id.,* (Footnote and citations omitted). On the other hand, proponents of the pre-emption theory argue that the General Assembly did not intend to allow the adoption of strict liability in tort in sales of goods cases and, thus, pre-empted the field. Their argument is also based on three equally plausible assumptions, all of which form the basis for the *Cline* court's decision:

> (1) Adoption of the strict tort liability doctrine would have [a destructive effect] on the Code remedies available to the consumer in sales transactions;
> (2) The clear intent of the General Assembly [was] to treat consumer injuries by defective products through the medium of sales warranty law; and
> (3) [There is no] adequate justification for the separate existence of a tort remedy apart from the Code in sales transactions.

*Id.* at 980.

Although the circumstances surrounding Delaware's adoption of § 2-318 arguably differ to some degree from those surrounding the adoption of Virginia's version, the Court is persuaded by the *Cline* reasoning, especially with respect to the destructive effect which strict liability would have on the Code remedies. For all intents and purposes, "the adoption of the doctrine of strict tort liability in sales cases would directly displace the implied warranty provisions of the U.C.C. Plaintiffs would rarely be inclined to use the U.C.C. remedy with its concomitant defenses, preferring of course to seek the remedy of strict tort liability without the obstacles of such defenses." *Id.* at 979.

Furthermore, this Court believes that, as a matter of policy, the decision to adopt strict liability as a permissible theory of recovery in sales cases and to radically affect the statutory remedies provided by the UCC is a function of the legislative, not the judicial, branch of government. *See Williamson v. The Old Brogue, Inc.,* 232 Va. 350, 354 (1986). In cases such as the one at bar when "the issue involves many competing economic, societal, and policy considerations, legislative procedures

and safeguards are particularly appropriate to the task of fashioning an appropriate change." *Id.* Consequently, the Court will defer to the General Assembly.

Defendant also demurs to Count VI on the ground that Plaintiff only states legal conclusions without sufficient supporting factual allegations. The Court finds, however, that Plaintiff alleges a breach of contract through Defendant's negligence which proximately caused the injuries of which he complains, and that he was an intended beneficiary under that contract. Plaintiff's allegations are sufficient at law to state a cause of action for third-party contract liability, and if Defendant desires further information, its only remedy at this juncture is a motion for a bill of particulars. *Kennedy v. Mullins*, 155 Va. 166 (1930).