## CIRCUIT COURT OF CHESTERFIELD COUNTY

Walter E. Dicken, IV

v.

Bennie N. Davis

September 9, 1988

Case No. (Law) 2754-88

By JUDGE HERBERT C. GILL, JR.

On July 28, 1988, this Court heard the above-mentioned case. At trial, counsel for plaintiff attempted to introduce as evidence a report completed by Charles Lynch, a termite inspector for Terminix. Plaintiff's Bill of Particulars failed to note the inspection made by Mr. Lynch. The Bill referred to an inspection performed by Orkin Pest Control which was introduced as evidence. Counsel for defendant moved the Court to limit the introduction of Mr. Lynch's testimony and his report due to the variance from Plaintiff's allegations.

The Rules of the Supreme Court of Virginia provide:

Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense. Rule 1:4(d).

The Code of Virginia provides the following remedy when a variance appears between the evidence and allegations:

If, at the trial of any action, there appears to be a variance between the evidence and the allegations or recitals, the court, if it consider that substantial justice will be promoted and that the opposite party cannot be prejudiced thereby, may allow the pleadings to be amended, on such terms as to the payment of costs or postponement of the trial, or both, as it may direct the jury to find the facts, and, after such finding, if it consider the variance such as could not have prejudiced the opposite party, shall give judgment according to the right of the case. Section 8.01-377 of the Virginia Code as amended.

Rule 1:4(d) requires not that every fact be pleaded but rather "no relief should be granted that does not substantially accord with the case as made in the pleading." *Ted Lansing Supply v. Royal Alum.*, 221 Va. 1139 at 1141 (1981), citing *Bank of Giles County v. Mason*, 199 Va. 176 (1957). In *Ted Lansing Supply v. Royal Alum.*, the Court held that the trial court erred in submitting the case to the jury on an implied warranty theory of recovery not raised by the counterclaim.

The purpose of the prohibition against variance between the pleadings and evidence presented at trial is to prevent surprise. *Graves v. Nat. Cellulose Corp.*, 226 Va. 164 (1983). The Court noted:

The rule that the proofs must correspond with the allegations is fully recognized, but like every other rule should be reasonably applied. Its purpose is to prevent surprise. Where there is no surprise to the party invoking it, there is no good reason for enforcing the rule. *Id.*, 226 Va. at 167 (1983), citing *Kennedy v. Mullins*, 155 Va. 166 (1930).

On appeal, the plaintiff in *Graves v. Nat. Cellulose Corp.* argued that the trial court had erred in ruling that a variance existed between the pleadings and proof submitted and thereby setting aside the favorable jury verdict. Plaintiff alleged that the defendant had negligent-

ly applied insulation while the evidence tended to show that defendant had negligently set up the equipment. The Court held that there was no variance and, "even if a variance did exist, it did not surprise and could not have prejudiced National." *Id*., 226 Va. at 168 (1983).

The variance in regard to Lynch's testimony and report does not warrant granting Defendant's motion. There was no surprise. Plaintiff alleged that defendant negligently inspected plaintiff's residence and that an inspection by Orkin revealed additional termite damage. Defendant had been advised of the witnesses and evidence. As in *Graves v, Nat. Cellulose Corp.*, the pleadings clearly informed defendant of the "true nature" of plaintiff's negligence claim. Defendant's motion is denied.