# CIRCUIT COURT OF CHESTERFIELD COUNTY

Cindy Parrish

v.

Affordable Dentures Dental
Laboratories, Inc., et al.

March 27, 2007

Case No. CL06-14

BY JUDGE HERBERT C. GILL, JR.

This matter came before the Court upon plaintiff's motions on February 2, 2007. After considering the parties' arguments, both from the hearing and in plaintiff's supplemental brief, the Court now issues its ruling regarding naming Affordable Care, Inc., as a defendant and the appropriate sanctions for Affordable Dentures Dental Laboratories, Inc. (ADDL).

## *Affordable Care, Inc.*

This Court takes note of the harsh result in *Leckie v. Seal*[1] in its consideration of the instant case. In *Leckie,* the plaintiff was unable to execute its judgment against a company in its trade name because no company actually existed by that name. His subsequent attempt to collect against that company's parent was unsuccessful because he failed to name the actual corporation in his suit, thereby making a judgment against it impossible.

This Court finds that *Leckie* is not authoritative with regards to the issue at hand, for that case involved the execution of judgments already entered rather than amendments to pleadings prior to judgment. This Court reasons that Virginia dictates that, "amendments of pleadings should be granted if

---

[1] Leckie v. Seal, 161 Va. 215, 170 S.E. 844 (1933). *See* also Langhorne v. Richmond City Ry. Co., 91 Va. 364, 22 S.E. 357 (1895).

doing so will further the ends of justice,"[2] in order to avoid the seeming unfairness that resulted in *Leckie.*

Although none of the cases plaintiff cites in its supplemental brief fit squarely with the facts of the instant matter, the Court finds them instructive. Key elements of each are present in the action currently before the Court. Namely, the Court finds that Affordable Care, Inc., was known to the public as Affordable Dentures,[3] and that, while ADDL and Affordable Care are separate corporate entities, they share the same officers, who are already before the Court after having made a general appearance. *See Jacobson v. Southern Biscuit Co.,* 198 Va. 813, 97 S.E.2d 1 (1957). In addition there is evidence that ADDL has attempted to obscure the identity of Affordable Care, Inc. *See Lake v. Northern Virginia Women's Medical Ctr.,* 253 Va. 255, 483 S.E.2d 220 (1997). The Court further finds that there is no change in the cause of action and that no prejudice will result. *See Langhorne v. Richmond City Ry. Co.,* 91 Va. 364, 22 S.E. 357 (1895).

The Court, therefore, grants plaintiff leave to amend his pleadings to name Affordable Care, Inc., as another defendant.

### Sanctions

The Court directs ADDL to pay Parrish $4,879.50 as compensation for the fees and costs associated with the Norment and Edwards depositions. The Court finds that this payment will constitute appropriate sanctions against ADDL.

---

[2] Lake v. Northern Virginia Women's Medical Ctr., 253 Va. 255, 262, 483 S.E.2d 220 (1997), *citing* Fox v. Deese, 234 Va. 412, 429, 362 S.E.2d 699 (1987).

[3] *See* Baldwin v. Norton Hotel, 163 Va. 76, 175 S.E. 751 (1934), and Jacobson v. Southern Biscuit Co., 198 Va. 813, 97 S.E.2d 1 (1957).