# Wytheville

## NORFOLK & PORTSMOUTH BELT LINE RAILROAD CO. V. STURGIS.

### June 10, 1915.

#### Absent, Cardwell, J.

1. PLEADING—*Declaration—Sufficiency.*—It is not the function of a declaration to set out all the facts and circumstances in the case, but simply to give the defendant such reasonable information of the nature of the complaint as will enable him to make his defense. Sufficiency in substances is all that is required.

2. PLEADING—*What is Substance—What is Form.*—If the matter pleaded be in itself insufficient without reference to the *manner* of pleading it, the defect is *substantial;* but if the only fault is in the form of alleging it, the defect is formal.

3. PLEADING—*Personal Injury Action—Declaration—Sufficiency.*—If a declaration in a personal injury case sets out the relation of the parties, the duty owing by the defendant to the plaintiff, and the breach of that duty by the defendant, and also the facts and circumstances surrounding the accident, with sufficient certainty to be understood by the defendant who is to answer them, by the jury who are to inquire into their truth, and by the court which is to render judgment, it is sufficient.

4. INSTRUCTIONS—*Partial View of Case—What is Not.*—In a personal injury case involving the contributory negligence of the plaintiff, an instruction does not take a partial view of the case where it states the plaintiff's side of the case hypothetically, but by plain intendment also states the defendant's side, and fairly submits to the jury the questions of negligence and contributory negligence of the respective parties, although the details of the evidence upon which the opposing contentions rest are not given.

5. INSTRUCTIONS—*Explanatory Amendments.*—Amendments of instructions involving no distinct legal propositions *of law,* but which are merely complementary and explanatory of the principles involved in the instructions, do not constitute reversible error.

6. VERDICTS—*Contrary to Evidence.*—Where the evidence before the jury was in irreconcilable conflict, but there was sufficient evidence to sustain the verdict, it was not error for the trial court to refuse to set it aside as contrary to the evidence.

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The following are the instructions mentioned in the opinion:

Plaintiff's instructions No. 1:

The court instructs the jury that if you believe from the evidence that the plaintiff, without negligence on his part, was in a position which made injury to him a necessary consequence of a movement backward of the engine, and that the engineer knew, or by the exercise of ordinary care ought to have known, of the plaintiff's position and its danger to him, then it was the duty of the engineer to exercise ordinary care to warn the plaintiff before attempting to back his engine, unless the plaintiff knew of such attempt; and if you believe from the evidence that the engineer negligently failed to exercise such care, and that such failure was the proximate cause of plaintiff's injury, then the plaintiff is entitled to recover.

Instructions requested by the defendant but refused:

(C) The court instructs the jury that if they believe from the evidence that there was a safe and an unsafe position which the plaintiff could take in drawing water

from the tender, the defendant's engineer had a right to assume that the plaintiff in drawing water from the tender of the defendant's engine would adopt the safe method, rather than the unsafe one, and it was not negligence for the defendant's engineer to act upon this assumption and to move his engine without first ascertaining whether the plaintiff had assumed a position which made it dangerous to him (the plaintiff) for the engine to be moved.

(D) The court instructs the jury that if they believe from the evidence that the defendant's engineer requested the plaintiff to draw a bucket of water from the water tank, and that there were two ways in which the plaintiff could stand in drawing said water, one of which was safe and the other unsafe, it was the duty of the plaintiff to have taken the safe position, and if he failed to do so and elected to draw said water while in an unsafe position, he was guilty of contributory negligence and cannot recover in this action.

(E) The court instructs the jury that where there were two positions in which the plaintiff could have placed himself to have drawn water from the tender of the defendant's engine, one of which was safe and the other unsafe, there was no obligation on the part of the defendant's engineer to anticipate or know that the plaintiff would adopt the unsafe position, and it was not negligence on his part to back the engine of the defendant company without stopping to ascertain whether the plaintiff had placed himself in a position of danger by standing in an unsafe position while drawing water from the tender.

(F) The court instructs the jury that it was the duty of the plaintiff to exercise ordinary care to look out for his own safety and if there was a safe position in which he could have stood while drawing the bucket of water from the tender, even though the engine should be backed, it was his duty to have taken such a position; but if he

saw fit to take a position which rendered it unsafe to him for the engine to be backed it was his duty to have warned the engineer of his unsafe position; and if he failed to do so and the engineer backed his engine, causing the injury which the plaintiff received, this was not negligence on the part of the engineer, and the jury must find for the defendant.

Amended instructions given for defendant:

(C) The court instructs the jury that if they believe from the evidence that there was a safe and an unsafe position which the plaintiff could take in drawing water from the tender, *and that the defendant's engineer did not know of the plaintiff's position,* he had a right to assume that the plaintiff in drawing water from the tender of the defendant's engine would adopt the safe method, rather than the unsafe one and it was not negligence for the defendant's engineer to act upon this assumption and to move his engine without first ascertaining whether the plaintiff had assumed a position which made it dangerous to him (the plaintiff) for the engine to be moved.

(D) The court instructs the jury that if they believe from the evidence that the defendant's engineer requested the plaintiff to draw a bucket of water from the water tank, and that there were two ways in which the plaintiff could stand in drawing said water, one of which was safe and the other unsafe, it was the duty of the plaintiff to have taken the safe position, and if he failed to do so and elected to draw said water while in an unsafe position, he was guilty of contributory negligence and cannot recover in this action; *unless you further believe from the evidence that the engineer knew, or by the exercise of ordinary care should have known, that the plaintiff was in such dangerous position when he backed the engine, and*

*by the exercise of ordinary care could have avoided the injury to him.*

(E) The court instructs the jury that where there were two positions in which the plaintiff could have placed himself to have drawn water from the tender of the defendant's engine, one of which was safe and the other unsafe, *and that the engineer did not know in what position plaintiff was,* there was no obligation on the part of the defendant's engineer to anticipate or know that the plaintiff would adopt the unsafe position, and it was not negligence on his part to back the engine of the defendant company without stopping to ascertain whether the plaintiff had placed himself in a position of danger by standing in an unsafe position while drawing water from the tender.

(F) The court instructs the jury that it was the duty of the plaintiff to exercise ordinary care to look out for his own safety and if there was a safe position in which he could have stood while drawing the bucket of water from the tender, even though the engine should be *moved,* it was his duty to have taken such position *and* if he saw fit to take a position which rendered it unsafe to him for the engine to be *moved,* it was his duty to have warned the engineer of his unsafe position, *unless the engineer knew of his position;* and if he failed to do so, and the engineer backed his engine, causing the injury which the plaintiff received, this was not negligence on the part of the engineer, and the jury must find for the defendant; *unless you further believe from the evidence that the engineer knew, or by the exercise of ordinary care ought to have known, of the plaintiff's position, and by the exercise of ordinary care could have averted the accident.*

*Thos. H. Willcox,* for the plaintiff in error.

*Starke, Venable & Starke* and *R. E. Miller*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The defendant in error, Sturgis, plaintiff below, recovered a judgment against the railroad company for personal injuries sustained by him while in its employment as fireman.

There are two counts to the declaration, which in preliminary averment are substantially similar, and the action of the court in overruling the demurrer to the declaration and to each count is the first assignment of error.

1. The material allegations of the first count are: That the plaintiff was assigned to duty on the defendant's engine under the orders of the engineer; that the engine was out of repair and unsafe; that while the engineer and plaintiff, in discharge of their respective duties, were using the engine in pushing a train of cars over the defendant's track both ejectors became choked and clogged, so that they could not force water from the tender to the boiler in sufficient quantities to prevent destruction of the boiler and engine; that to meet this emergency the engineer stopped the engine and ordered plaintiff to draw water from the spigot of the water tank in a bucket and hand it to him in order that he might extinguish the fire and save the property; that while acting under the engineer's instructions and engaged in this work, plaintiff was standing with one foot on the step leading to the cab of the engine and the other foot on the bumper of the tender, drawing a bucket of water to hand up to the engineer, and it became and was the duty of the defendant not to move the engine without first giving plaintiff warning in time to move from said position which was one of safety while the engine was standing, but which became one of great peril if the en-

68

gine were suddenly moved backward.   Yet the defendant, acting through the engineer, although it knew, or by the exercise of proper care ought to have known the position of the plaintiff, negligently and without warning to him pulled the lever of the engine and caused it to move backward upon the tender and caught the plaintiff between the engine and tender and mashed him, etc., specifically describing the injuries inflicted.

In the second count, the preliminary statement is followed by the allegations: That the plaintiff, to draw water from the spigot to be handed over to the engineer to be thrown by him into the fire box, had to bend over so as to get the bucket below the spigot, with his body between the tender and engine; that in order the better to steady himself and perform his work quickly and thus save the defendant's property from destruction, he placed one foot down on the step, which is located on the side of the engine, and the other on the bumper of the tender, which is level or nearly so with the floor of the cab, and leaned over so as to hold the bucket under the spigot.   That this is the customary position assumed by firemen in drawing water from the tender in a bucket; that while performing his duties, the engineer, who was taking the buckets of water from him, was standing on the floor of the cab of the engine only a few feet from him, and knew of his position; that the engine was standing still and that it was the duty of the engineer (who knew or by the exercise of ordinary care ought to have known that the position of the plaintiff between the tender and engine would become one of great danger to the plaintiff if the engine should be suddenly moved back) not to back the engine and thus endanger the life and limb of the plaintiff, without first giving the plaintiff notice of his intention so to do and allow him an opportunity to straighten up his body and limbs so as not to be caught between the engine and tender.

The ground of demurrer is that the declaration merely states a conclusion that the position of the plaintiff between the engine and tender would become dangerous if the engine should suddenly be moved backward against the tender without warning to the plaintiff, but does not aver the facts upon which the conclusion is founded.

This, we think, is not a fair interpretation of the declaration. According to the natural and ordinary import of the words used, they can only mean that when the engine was backed against the tender the space was so diminished that the plaintiff, in the position which he had to assume to discharge the duty imposed upon him, would be caught between the two and mashed; that, nevertheless, the engineer, with knowledge of the situation, backed the engine without warning and caught the plaintiff between the engine and tender, inflicting upon him the injuries of which he complains.

It is not the function of a declaration to set out all the facts and circumstances in the case, but simply to give the defendant such reasonable information of the nature of the complaint as will enable him to make his defense. Sufficiency in substance in a declaration is all that is required under our procedure.

Code, section 3246, declares that, "No action shall abate for want of form, where the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the cause."

So, also, section 3272 provides, that "On a demurrer * * * the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has been heretofore deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defense that judgment according to law and the very right of the cause cannot be given."

Burks' Pl. and Pr., p. 345, quotes from Gould Pl., Ch. 9, sec. 18, as follows: "If the matter pleaded be in itself insufficient without reference to the *manner* of pleading it, the defect is *substantial;* but if the only fault is in the form of alleging it, the defect is but formal."

This declaration sets out the relations of the parties, the duty owing by the defendant to the plaintiff and the breach of that duty by the defendant. It also sets out the facts and circumstances surrounding the accident "with sufficient certainty to be understood by the defendant who is to answer them, by the jury who are to inquire into their truth, and by the court which is to render judgment." *Hortenstein* v. *Car, Ry.,* 102 Va. 914, 47 S. E. 996; *Va. &c. Wheel Co.* v. *Harris,* 103 Va. 708, 49 S. E. 991.

2. The next assignment of error questions the court's action in giving instruction No. 1 (as modified) for the plaintiff; and also in amending defendant's instructions C, D, E and F. All these instructions appear in the report of the case and need not be reproduced here, and the amendments are in *italics.*

(1) The criticism of instruction No. 1 is that, while it declares that the plaintiff is entitled to recover if the jury shall believe from the evidence certain conclusions of fact upon which it is predicated, it omits to set forth the testimony on which the defendant's theory of the accident is founded.

Careful inspection of the instruction shows that it is not amenable to that objection. Conversely, the instruction, by plain intendment, tells the jury that the failure of the engineer to warn the plaintiff before backing the engine would not warrant a recovery if he knew of such intention. Both theories of the case attribute the accident to the backing of the engine against the tender, and both are covered by the instruction, though the details of the evidence upon which the opposing contentions rest are not given. The

instruction fairly submitted to the jury the questions of negligence and contributory negligence upon which the right of recovery was respectively affirmed and denied.

(2) The amendments of instructions C, D, E and F all involve the knowledge of the engineer of the position of the plaintiff between the engine and tender as affecting the measure of the defendant's duty to the plaintiff and what it had the right to assume. The record presents a case where the situation of the plaintiff, which indisputably was safe while the engine was at rest, was made dangerous by unexpectedly backing it against the tender. Hence, the engineer's knowledge or want of knowledge of the plaintiff's position constituted the crux of the case, a controlling factor as to the relative rights and liabilities of the parties. The amendments involved no distinct legal propositions of law, but were complementary and explanatory merely of the principles invoked.

3. The last assignment of error applies to the refusal of the court to set aside the verdict as contrary to the evidence. Of that contention it is sufficient to say, that the evidence is irreconcilably conflicting, and, from the view point of a demurrer to the evidence, the plaintiff's evidence fully sustains his right to recover. In these circumstances an appellate court is without authority to disturb the verdict.

For these reasons the judgment must be affirmed.

*Affirmed.*