**UNITED STATES of America,**
**Plaintiff,**

v.

**Milton J. HARRIS, Defendant.**
**Civ. No. 419–62.**

United States District Court
S. D. Florida.
Sept. 23, 1963.

**310**

Wm. A. Meadows, U. S. Atty., Lavinia L. Redd, Asst. U. S. Atty., Miami, Fla., for plaintiff.

M. H. Rosenhouse, Miami, Fla., for defendant.

FULTON, District Judge.

This cause having come on before the Court on August 5, 1963, upon Motion of the United States of America for Summary Judgment and the Court having examined the pleadings and considered the affidavits and all other evidence presented and having heard argument of counsel for the respective parties and being otherwise fully advised in the premises, does make the following Findings of Uncontroverted Facts and Conclusions of Law:

1. This action was brought by the United States against the defendant, to reduce to judgment federal tax assessments made on September 10, 1948, for the taxable years 1941, 1942, 1943, 1944, 1945 and 1946 of assessed unpaid income taxes, interest, fraud penalties and negligence penalties in the amount of $170,-846.78, plus interest thereon.

2. The plaintiff's complaint was filed in the office of the Clerk of the United States District Court for the Southern District of Florida on August 24, 1962.

3. Summons was issued by the Clerk of the United States District Court for the Southern District of Florida to the United States Marshal for the United States District Court for the Southern District of Florida on August 27, 1962.

4. Service of the plaintiff's complaint filed in this action, together with service of a summons, was effected upon the defendant, by a Deputy United States Marshal for the United States District Court for the Southern District of Florida by personally serving the defendant within the State of Florida on August 27, 1962.

5. Defendant at all times relevant herein was a resident of the State of Florida.

6. On September 12, 1962, defendant filed a motion to dismiss motion to strike and motion for more definite statement, which motions were premised upon the theory that this action was barred by laches and the statute of limitations. These motions came to be heard before the Honorable Emett C. Choate on November 7, 1962. By order of the Court of November 14, 1962, the Motion to Dismiss was denied and the other motions were construed as a motion for more definite statements, requiring plaintiff to set up each tax assessment as a separate count and to specifically allege all waivers of restrictions and offers in compromise which extended the statute of limitations for collection of the taxes involved herein.

7. On March 1, 1963, the amended complaint was filed and at a hearing before the Honorable Emett C. Choate on March 1, 1963, defendant's oral motion

to dismiss the amended complaint as not timely filed was denied. The amended complaint was sustained as timely within the Court's prior order of November 14, 1962. At this hearing, in reply to a question from the bench, both counsel agreed that the sole question presented herein is a question of law, i. e., the applicability of the statute of limitations.

8. A representative of the Commissioner of Internal Revenue filed Notices of Federal Tax Lien under Internal Revenue laws against the defendant in the office of the Clerk of the Circuit Court, Dade County, Florida, on September 16, 1948, and November 5, 1948. The normal six-year statutory period for collection of the aforesaid income tax liabilities was extended by the execution of waivers (Internal Revenue Form 900) by the defendant as follows:

| Date Executed | Expiration of Extension Period |
|---|---|
| May 26, 1954 | Dec. 31, 1956 |
| July 17, 1956 | Dec. 31, 1957 |
| Nov. 1, 1957 | Dec. 31, 1958 |
| Oct. 30, 1958 | Dec. 31, 1959 |
| Nov. 17, 1959 | Dec. 31, 1960 |

The period of collection was further extended under the terms of an offer in compromise filed by defendant on March 5, 1960, for the period during which the offer was pending and for one year thereafter. The offer was rejected on June 15, 1960; however, a revised offer in compromise was filed by the taxpayer-defendant on February 18, 1961, also extending the period of collection during the time the offer was pending and for one year thereafter. This offer was rejected on August 24, 1961.

9. As noted in Finding of Fact numbered 8 above, some of the waivers and offers in compromise entail overlapping time periods. By computation involving these overlapping time periods the total period of time for collection was extended to October 17, 1963. If said overlapping periods are not taken into consideration, then the statutory period for collection would lapse at 11:59 p. m. on August 24, 1962, one year from the date that the final offer in compromise was rejected.

10. On March 14, 1963, defendant filed a motion to dismiss the amended complaint for failure to state a claim; a motion to dismiss on the ground of statute of limitations, i. e., the action was not commenced until August 27, 1962; a motion to dismiss on the ground of laches. Defendant affirmatively claimed that the statute of limitations expired on December 25, 1961. The Government contended that under Rule 3 of the Federal Rules of Civil Procedure a civil action is commenced by filing a complaint with the Court and if the complaint is on a federally created right, the statute of limitations is tolled by the filing of the complaint; the Government's continuous attempts to effect collection of the taxes due herein preclude any claim of laches or delay and finally, the theory of laches cannot be imputed to the United States.

11. At the hearing held before the Honorable Emett C. Choate in the United States District Court for the Southern District of Florida, on April 1, 1963, all of the defendant's motions were denied with prejudice, order entered April 3, 1963, amended order entered April 29, 1963. Once again, at this hearing, in reply to a question from the bench, both counsel agreed that the sole question presented herein is a question of law, i. e., the applicability of the statute of limitations. At this hearing defendant contended that the statute of limitations expired on August 24, 1962; that this complaint was filed on August 24, 1962; that summons was not issued until August 27, 1962; that in this action the statute of limitations was not tolled by the filing of a complaint.

12. The affidavits and evidence admitted by the United States clearly establish the liability of the defendant to the United States on the tax assessments for the tax years 1941, 1942, 1943, 1944, 1945 and 1946. The affidavit submitted by the defendant contains the following statement:

"That over such a long period of time defendant is not able to specifically

deny, under oath, the items disclosed by the affidavit of District Director of Internal Revenue, Lloyd (Sic) W. Tomlinson, or the certificate of assessment and payments attached to the Motion for Summary Judgment."

Although the answer of the defendant constitutes a denial of the allegations in the complaint filed by the United States, the defendant offered no evidence by affidavit or otherwise, in opposition to the Motion for Summary Judgment; nor did he in anywise inform the Court that there is any possibility of his obtaining any evidence which would contradict the clear showing by the government that said taxes are due.

1. This Court has jurisdiction over the action brought by the United States under Section 3740 and 3800 of the Internal Revenue Code of 1939 (Sections 7401 and 7402(a) of the Internal Revenue Code of 1954) and Sections 1340 and 1345 of Title 28 United States Code.

2. There is no genuine issue as to any material fact and the sole question presented in this litigation is the applicability of the statute of limitations, i. e., what constitutes the commencement of an action on a federally created right in a Federal District Court. The affidavit submitted by the defendant shows no possibility of the defendant's obtaining any evidence which would contradict the evidence submitted by the United States. Therefore, no reason appears to invoke Rule 56(f) of Federal Rules Civil Procedure in favor of the defendant.

3. Pursuant to Section 276 of the Internal Revenue Code of 1939 (Section 6501(c), Internal Revenue Code of 1954), the assessments of September 10, 1948, made against the defendant for the taxable years 1941, 1942, 1943, 1944, 1945 and 1946, all were timely made.

4. Pursuant to liens filed September 16, 1948 and November 5, 1948, and Section 3670 of the Internal Revenue Code of 1939 (Section 6321 of the Internal Revenue Code of 1954), the United States has a lien upon all property and rights to property, whether real or personal, belonging to the defendant.

5. By application of federal tax law to the facts of this case it is concluded that the formal Tax Collection Waiver (Form 900 United States Treasury Department, Internal Revenue Service, revised May, 1953) is not a contract but is rather a waiver of certain federal statutes of limitations which is created and allowed by federal statute, and there is no necessity for consideration in the execution of said waivers to give these waivers legal validity.

6. Pursuant to the offer in compromise submitted by Milton J. Harris on February 18, 1961, which offer was rejected on August 24, 1961, the applicable statute of limitations for collection was extended at least until August 24, 1962. The relevant terms of this offer are Clauses 6 and 7 (United States Treasury Department, Internal Revenue Service Form 656, revised July, 1957) as set forth below:

"6. The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for one year thereafter.

"7. It is understood that this offer will be considered and acted upon in due course and that it does not afford relief from the liability sought to be compromised unless and until it is actually accepted in writing by the Commissioner or his duly authorized representative, and the terms of the offer have been fully complied with."

7. By application of Rule 3 of the Federal Rules of Civil Procedure this

civil action was commenced by the filing of the complaint with the Court on Friday, August 24, 1962. As held by the Honorable Emett C. Choate while referring to Rules 3 and 4(a) of the Federal Rules of Civil Procedure, on page 2 of the amended order entered herein on April 29, 1963: "This Court interprets these rules and so holds that an action is commenced by the filing of a complaint with the Clerk, and that the aforesaid rules prescribe for all cases instituted in the Federal District Courts, a uniform method of suspending the operation of applicable statutes of limitation, and that in the instant case the filing of the complaint on August 24, 1962, tolled the statute of limitations, and that the suit in the instant case was commenced on August 24, 1962, and the fact that summons was not issued by the Clerk until August 27, 1962, was unimportant as that was merely a ministerial act directed to be done "forthwith" by the Clerk, and his short delay could not be visited upon the litigant."

8. As a matter of law the issuance of a summons by the Clerk of the United States District Court and delivery of the summons for service to the Marshal on Monday, August 27, 1962, duly constitutes "forthwith" issuance in accordance with Rule 4(a) of the Federal Rules of Civil Procedure.

9. As a matter of law, an action to reduce federal tax assessments to judgment is an action on a federally created right and the statute of limitations applying to such an action is tolled at the time that the complaint is filed with the Court. Therefore, this action was commenced on August 24, 1962, and is not barred by any statute of limitations.

10. That the federal tax liens of the United States, which liens are based upon the federal tax assessments against Milton J. Harris made on September 10, 1948, are valid and existing liens and the United States is entitled to judgment to this effect.

11. The defendant is indebted to the United States in the sum of $170,846.78, plus interest to September 13, 1963, in the amount of $184,600.09 and interest at the rate of 28.07 per day thereafter until paid; plus lien filing fee of $3, and costs of this action in the amount of $38.40. Upon presentation a final judgment will be entered in accordance herewith.