**Raoul B. CLYMER, Jr., Plaintiff,**

v.

**Z. S. GRZEGOREK, et al., Defendants.**

**Civ. A. No. 80–1009–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 24, 1981.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Raoul Clymer, plaintiff in the instant action, alleges that defendants, three former employees of the United States Bureau of Prisons at Petersburg Federal Correctional Institute, knowingly failed to provide him with a secure and safe place of confinement while he was incarcerated in Petersburg.[1] Defendants have moved to dismiss the complaint for lapse of time of the relevant statute of limitation and for failure of service of process. The matter has been fully briefed and argued to the Court, and is now ripe for disposition.

### Statute of Limitation

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In the absence of a federal limitation on such actions, the most closely analagous state limitation must apply. *Almond v. Kent*, 459 F.2d 200 (4th Cir. 1973). *Cf. Roberts v. Magnetic Metals Co.*, 611 F.2d 450, 457 (3rd Cir. 1979) (concurring opinion) (seeking justification for adoption of state rule in nondiversity action). Virginia requires that cases complaining of personal injury be brought within two years of the accrual of a cause of action. Va. Code § 8.01–243.A (1977 replacement vol.). Under Virginia law, plaintiff's cause in the instant action accrued on July 27, 1978—the day on which plaintiff claims to have been assaulted. The instant action was filed on December 18, 1980, or two years and 144 days after the alleged attack. Neither party disputes this fact. There is dispute, however, as to whether a previous action filed by plaintiff acting pro se effectively tolled the statute of limitation. Under Virginia law, the filing of a previous action would toll the running of the statute. *See* Va. Code § 8.01–229.E (1980 cum.supp.). Under a long line of federal decisions, it would not. *See, e. g., Braxton v. Virginia Folding Box*

Robert P. Geary, Richmond, Va., for plaintiff.

---

[1]. Plaintiff was stabbed by other inmates during an alleged period of racial unrest at Petersburg

Federal Correctional Institute.

*Co.,* 72 F.R.D. 124, 126 (E.D.Va.1976); *De-Long's, Inc. v. Stupp Bros. Bridge & Iron Co.,* 40 F.R.D. 127, 130 (E.D.Mo.1965) *and cases cited therein.*

■ As a result of these differing rules, the Court is faced with a classic problem in implementing *Erie R. R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The search for an unambiguous methodology for choosing between state and federal rules for the tolling and applicability of statutes of limitation has constituted a significant portion of the litigation implementing *Erie.*[2] *See, e. g., Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Although *Hanna v. Plumer* provided lower courts with a relatively flexible and workable standard for the application of *Erie,* it has understandably been unable to resolve all disputes of interpretation. As a consequence, there now exists a large body of irreconcilable case law. *See, e. g., Walko Corp. v. Burger Chef Systems, Inc.,* 554 F.2d 1165, 1171 n.51 (D.C. Cir.1977). *See generally* Wright, *Federal Courts* § 59 nn.46–48 (1976) *and cases cited therein.* Nevertheless, the Supreme Court has announced that where a federal case is ruled by a borrowed state statute of limitation, that case is also generally ruled by state practices of tolling and revival. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 463–464, 95 S.Ct. 1716, 1721–22, 44 L.Ed.2d 295 (1975). Although the Supreme Court in *Johnson* announced this new version of an old doctrine with little reference to the conflicting cases decided by the Court which preceded it, the Court's position is clear for now, and its decision, at least in the present case, dictates a just result. *See also Walko v. Burger Chef,*

*supra,* 554 F.2d at 1172. Thus, the Court holds that this action is to be ruled by Virginia's provisions for the tolling of the Virginia statute of limitation.

Unfortunately, however, there exists a dispute in the instant case over the exact dates which should appropriately toll the statute. Both the date of commencement and of dismissal of Clymer's original action are disputed. Clymer apparently first attempted to file his action with this Court in August, 1978. Plaintiff requested and apparently received acknowledgment that his complaint was received by the Court on August 8, 1978. Plaintiff's complaint, however, was apparently misplaced and not filed until March 6, 1980.[3] Plaintiff eventually obtained counsel, and by counsel stipulated to voluntary dismissal of his original pro se action without prejudice. The stipulation was filed with the court on July 17, 1980. On July 19, 1980, the Court, for administrative purposes, filed its own order dismissing the case. *See Clymer v. Grzegorek,* No. 80–0188–R.

Between March 6 and July 17, 1980, 133 days passed; between March 6 and July 29, 1980, 145 days passed. Thus, if the Court adopts March 6 as the date on which the statute was tolled, its decision as to whether the parties' stipulation of July 17 or the Court's order of July 29 becomes dispositive of the question of whether the statute has lapsed. If, however, the Court considers the plaintiff's action to have been brought on August 8, 1978, the resulting tolling of the statute would make the filing of the instant action timely.

The date on which the running of the statutory time was revived seems clear. Under the federal rules, an action voluntarily withdrawn by stipulation of all parties requires no order of the Court to be dismissed. *See* F.R.Civ.P. 41(a). The dismiss-

---

**2.** It should be noted that the applicability of state statutes of limitation to federal, nondiversity action predates *Erie.* *See, e. g., O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). *See generally Roberts v. Magnetic Metal Co., supra,* 611 F.2d at 456–58 (concurring opinion).

**3.** Plaintiff's original complaint was apparently never found, and its loss was brought to the Court's attention only following inquiry (or perhaps inquiries) by plaintiff, at which time plaintiff mailed the Court a second copy of his original complaint.

al is effective immediately upon the filing of the stipulation. *See generally* Wright & Miller: Civil § 2363 n.51. Thus, plaintiff's original action no longer tolled the statute after July 17, 1980, and the instant action was timely only if the original action was filed on or prior to February 23, 1980; a date which represents 145 days preceding July 17, 1980, the 145 days constituting the period of time during which the statute may have been tolled.

Due to the inherently arbitrary nature of statutes of limitation and the rules that govern their use, the Court has found no entirely satisfactory basis on which to make its decision in the instant case. Choice of one date or the other will inevitably serve one purpose of a statute of limitation by sacrificing some other purpose. On the one hand, to the extent the statute is intended to encourage diligence on the part of plaintiffs, plaintiff has unquestionably acted with diligence here.[4] *Cf. Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962) ("[t]he filing [of a complaint] itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure.") On the other hand, defendants were unaware of plaintiff's initial action until March 6, 1980, and were thus without the warning of the need to maintain evidence or even the freshness of recollection the statute also seeks to encourage. In the instant action, however, the Court holds that the statute was tolled from August 8, 1978 until July 17, 1980. In the alternative, the Court holds that the statute should have been tolled from February 19, 1980, when the Court received the second copy of plaintiff's complaint.[5] In either event, the instant action is timely.

The Court's reasons for choosing these earlier dates are three. First, defendants (or at least their counsel) were actually served and notified of the need to maintain any evidence in their possession within the original two year statutory period. Second, the tolling period in question here is not so long as to risk significant loss of evidence that would otherwise be available to defendants. Indeed, even under defendants' theory of the case the action would be timely had it been brought eleven days earlier. Finally, as noted above, plaintiff's own diligence in the instant action should not be trumped by the court's own mishandling of his pleadings. In fact, there is ample precedent in cases involving statutes of limitation that where a party has been diligent, the failure of the Court or its officers to perform ministerial functions should not prejudice that party. *See, e. g., Moore Co. of Sikeston v. Sid Richardson Carbon & Gasoline Co.,* 347 F.2d 921, 923 (8th Cir. 1965), *cert. denied,* 383 U.S. 925, 86 S.Ct. 927, 15 L.Ed.2d 845 (1966); *United States v. Harris,* 223 F.Supp. 309 (D.Fla.1963), *aff'd.* 337 F.2d 856 (5th Cir. 1964) (both involving service of process). *See generally* Wright & Miller: Civil § 1056 (1977).

*Service of Process*

█ Plaintiff has attempted to serve all three defendants. Defendants Grzegorek and Gunnell have both been personally served, but this service was effected outside of Virginia. (Neither of these defendants now reside in Virginia.) Under Fed.R. Civ.P. 4(f), a party generally may be served

---

4. Plaintiff originally presented his pro se pleading—which was clearly labeled as a "Complaint"—to the Court in a letter dated July 31, 1978 (four days after the date on which he was attacked). He requested and received acknowledgment of the Court's receipt of his complaint, which the Court stamped as having been received on August 8, 1978. The file in that case reveals that plaintiff inquired at least twice about the status of his action. See letter from Raoul B. Clymer, Jr. to Clerk (Feb. 13, 1980) (referring to earlier correspondence). It is possible that other correspondence was received but not filed while plaintiff's complaint

was misplaced. Plaintiff's second pro se complaint was received by the Court on February 19, 1980, a time when, if the complaint had been speedily filed, the instant action would have been timely. This second complaint was marked "filed" on March 6, 1980.

5. Plaintiff's complaint was filed in forma pauperis, and thus was not automatically filed upon receipt. The Court is seriously concerned that but for the fact that plaintiff could not afford filing fees, there would be no question but that his instant action would be timely.

only within the state in which the district court sits, unless service is authorized by independent statute. Plaintiff would rely on 28 U.S.C. § 1391 to perfect service here.[6] The Supreme Court has held, however, that § 1391 does not provide a means of serving federal employees sued in their individual capacity. *Stafford v. Briggs*, 444 U.S. 527, 542, 100 S.Ct. 774, 784, 63 L.Ed.2d 1 (1980).

Service may also be had, however, in a manner prescribed by state law. Fed.R. Civ.P. 4(d)(7). Under Virginia's long-arm statute, personal jurisdiction may be exercised over an out-of-state defendant alleged to have caused tortious injury with the state. Va.Code § 8.01–328.1.A.3 (1977 replacement vol.). Plaintiff's claim here is basically one in tort. Thus, it is possible that Grzegorek and Gunnell may have already been properly served under the Virginia statute. The question of service under Virginia law has not yet been addressed by the parties, and the Court cannot be certain of the effectiveness of any service made thus far on the record before it. Accordingly, the Court has determined that it should deny the instant motion, but stresses that the United States may renew that motion should it seem appropriate.

█ Plaintiff has issued an interrogatory seeking to have defendants Grzegorek and Gunnell disclose the address of defendant Lewis. Grzegorek and Gunnell have objected to this request for information, on the ground that they are forbidden by 5 U.S.C. § 552a(b) from revealing the home address of an employee of the Bureau of Prisons. A Court, however, may order the release of such information. *See* 5 U.S.C. § 552a(b)(11). The Court thus sustains plaintiff's motion to compel the release of Lewis' home address to counsel for plaintiff, provided that counsel agrees not to disclose that address to any person, including plaintiff, except as necessary to perfect service of process on Lewis and as otherwise necessary to prosecute this action, or that, alternatively, plaintiff's counsel shall be supplied with an address other than Lewis' home where service of process may be effected.

An appropriate order shall issue.

---

**6.** Title 28 U.S.C. § 1391(e) reads:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority ... may ... be brought in any judicial district in which ... the cause of action arose....