## CIRCUIT COURT OF THE CITY OF RICHMOND

Joyce Lee Fenney

v.

Alex C. Wade, III

January 19, 1993

Case No. LS-4072

BY JUDGE ROBERT L. HARRIS, SR.

The issue facing the court is that of the appropriate treatment of a timely filed, but improperly signed, Motion for Judgment once the statute of limitations on the underlying cause of action has run. In a Motion for Judgment filed on November 26, 1990, the Plaintiff alleges that on November 23, 1988, she was struck by the Defendant's automobile in a parking lot. The Motion for Judgment bore the name "Eileen A. Olds," a licensed attorney, on the signature line, although Ms. Fenney had consulted with Bessida White, another attorney, regarding her suit. The current confusion resulted from the suspension of Ms. White's license to practice law prior to the filing of Ms. Fenney's Motion for Judgment. While Ms. White had apparently arranged with Ms. Olds to have the latter handle some of her cases during the suspension period, it is unclear whether Ms. Olds had agreed to assume representation of Ms. Fenney.

During the discovery phase of this suit, Ms. Olds became aware of the presence of her name on the Motion for Judgment and contacted the Plaintiff's current attorney, William Shewmake. At two separate hearings, both Ms. Olds and Ms. White testified as to their recollection of the events which led to the current confusion. Despite the testimony at those hearings, the exact context in which Ms. Olds's signature came to be placed on the Motion for Judgment remains unclear. What is clear is that the signature is not that of Eileen Olds, leaving open the question of whether her name was placed on the Motion for Judgment with or without her permission. Ms. White testified that she does not

recall signing the Motion for Judgment with Ms. Olds's name, but that, in any event, she would not have done so without permission. Ms. Olds, on the other hand, emphatically denied not only signing the Motion for Judgment, but also denied having given her permission for anyone to sign this particular pleading. Because Ms. Olds also testified about failed attempts to meet with Ms. Fenney regarding her suit, it appears, however, that at least some preliminary steps were taken toward establishment of an attorney-client relationship between Ms. Fenney and Ms. Olds but that the relationship was never established.

The Defendant, Alex C. Wade, III, filed a Motion to Dismiss, based primarily upon the running of the Statute of Limitations, but also upon the possibility that the Motion for Judgment had been fraudulently signed. The gravamen of his argument is that since no "legitimate" Motion for Judgment had been filed within the statutory limitations period, subsequent legal action was barred. Thus, the question for the Court is whether the Motion for Judgment, filed within the statutory period, can survive without a proper signature.

Were this simply a case in which a signature had been omitted entirely, the decision would be easy. Where the required signature is omitted, such omission need not be fatal to the pleading.

> Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . . A party who is not represented by an attorney shall sign his pleading, motion, or other paper . . . .
> *If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.*

Va. Code Ann. § 8.01–271.1 (1992) (emphasis added); *see also* Va. Sup. Ct. R. 1:4(c). Although the instant case involves a disputed signature rather than an omitted one, the Court believes the treatment of the subject Motion for Judgment should be no different, regardless of the machinations which resulted in the disputed signature being placed upon the Motion for Judgment.

Section 8.01–275 of the Virginia Code states that "[n]o action or suit shall abate *for want of form* where the motion for judgment or bill of complaint sets forth sufficient matter of substance for the court to proceed upon the merits of the cause." *Id.* § 8.01–275 (emphasis

added). Commenting upon a predecessor to this section, the Virginia Supreme Court observed that such statutes "are all based upon a sound public policy." *Kennedy v. Mullins*, 155 Va. 166, 178, 154 S.E. 568, 572 (1930). One of the statutes referred to by the Virginia Supreme Court directed a trial court " 'at every stage of the proceedings' to 'disregard any error or defect which does not affect the substantial rights of the parties'." *Id.*, 154 S.E. at 572 (quoting § 6104 of the Virginia Code of 1919). Although this specific provision was deleted in 1977 when Title 8.01 was adopted, *see* 1977 Va. Acts 1052 (repealing Title 8 and enacting Title 8.01 — former § 6104 had been most recently located in § 8–119), this Court does not believe that the deletion reflected a substantive change in the legislative view of sound public policy. Current § 8.01–275 directs a court to disregard "any defect or imperfection in the pleading . . . unless there be omitted something so essential to the action or defense that judgment according to law and the very right of the cause cannot be given." Va. Code Ann. § 8.01–275. On appeal, judgments are not to be reversed "[f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial" if "it plainly appears from the record and the evidence at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." *Id.* § 8.01–678. The Court believes that the focus of the inquiry here must be on the substantial rights of the parties. In matters of procedural defects, the Court must evaluate the circumstances involved seeking to avoid prejudice to either party.

> [I]t has been the policy of this court for many years and is still, to subordinate form to substance, and not to allow the substantial rights of parties to be taken away for the sake of adherence to any forms of procedure not essential to the orderly conduct of judicial proceeding.

*Rinehart & Dennis Co. v. Brown*, 137 Va. 670, 680–91, 120 S.E. 269, 273 (1923).

Clearly, there would be a substantial effect on the plaintiff in the instant case were her Motion for Judgment to be held fatally defective; she would lose her cause of action. Through no fault of her own, the Plaintiff would be denied the opportunity to litigate her claim, her only legitimate means of recovering the consequences of injuries allegedly sustained at the hands of the defendant. Conversely, there appears to

be no significant prejudice which would be suffered by the defendant were the Motion for Judgment allowed to survive this defect. To the extent that an initial pleading is required to give a defendant notice of claims and issues involved, a defective signature works no evil. *Cf., Norfolk & P. B. RR. v. Sturgis*, 117 Va. 532, 539, 85 S.E. 572, 574–75 (1915) ("It is not the function of a declaration to set out all the facts and circumstances in the case but simply to give the defendant reasonable information of the nature of the complaint as will enable him to make his defense.")

Section 8.01–271.1 of the Code makes it clear that the primary purpose of requiring a signature on pleadings or motions has little to do with giving substantive effect to a pleading but is aimed at rendering someone accountable for the claims and allegations of the pleading.

> The signatures of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law of a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Va. Code Ann. § 8.01–271.1. Thus, the absence of a signature has no automatic effect on a pleading but is a procedural defect which can be remedied if signed promptly after discovery of the defect, such remedy formally establishing who is to be held accountable for the good faith reasonableness of the pleading. *See id.* There is no logical reason why the Motion for Judgment in the case at bar, containing a defective signature, the product either of confusion or of willful misconduct, but in either case not misconduct of the plaintiff, should not be susceptible to a similar remedy for similar reasons. In *Rader v. Snyder*, 3 W. Va. 413 (1869), a trial court dismissed a suit because a signature appearing on an initial pleading, although labeled as that of the plaintiff, was actually that of an attorney not licensed to practice in West Virginia. In reversing that dismissal, the West Virginia Supreme Court of Appeals stated that "if the suit was brought by an attorney not qualified to practice, that was no good cause to dismiss the plaintiff's suit, but the

attorney should himself suffer the punishment imposed by law." *Id.* at 414.

The Court additionally notes that even were the Defendant's Motion to Dismiss granted, based upon the defective signature, the end result would likely be the same as with non-dismissal, Section 8.01–229(E)(1) tolls the statute of limitations after commencement of a suit when the action is dismissed on grounds other than the merits. *See* Va. Code Ann. § 8.01–229(E)(1). The Virginia Supreme Court has noted that statutes such as § 8.01–229 "are highly remedial and should be liberally construed in furtherance of their purposes and are not to be frittered away by any narrow construction." *Woodson v. Commonwealth Utilities, Inc.*, 209 Va. 72, 74, 161 S.E.2d 669, 670 (1968).

Inherent in a court's dismissal of a suit is a recognition that a suit has been commenced. *Cf., Clymer v. Grzegorek*, 515 F. Supp. 938, 940–41 (E.D. Va. 1981) (court notes that dismissal of case, either voluntarily or by order of court, restarts calculation of the limitation period, previously tolled by the original action). In *Clymer*, an original complaint, brought under section 1983 of Title 42 of the United States Code for injuries allegedly received in an assault on a prisoner on July 27, 1978, had been submitted to the court in August of 1978 but had apparently been misplaced by the clerk's office and was not formally filed until a second copy was submitted in 1980. Subsequently, by stipulation, the initial suit was dismissed without prejudice, creating the question facing the federal district court of how much time remained within Virginia's two-year statute of limitations on personal injury suits. In addressing which date should be utilized, the court notes "the inherently arbitrary nature of statutes of limitation." *Id.* at 941.

> Choice of one date or the other will inevitably serve one purpose of a statute of limitation by sacrificing some other purpose. "[T]he filing [of a complaint] itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure." On the other hand, defendants were unaware of plaintiff's initial action until March 6, 1980, and were thus without the warning of the need to maintain evidence or even the freshness of recollection the statute also seeks to encourage.

*Id.* (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Because the court found insufficient prejudice to the defendants and because the "plaintiff's own diligence should not be trumped by the court's own mishandling of his pleadings," *id.*, the earlier date was adopted in order to preserve the cause of action. *See id.*

Similarly, in the instant case, the suit was filed within the statutorily-established period of diligence, albeit at the end of that two-year period. Any mishandling of that suit was not that of the Plaintiff, and no significant prejudice will be suffered by the Defendant were the statute of limitations considered to have been tolled by the commencement of this technically defective suit. Accordingly, the Court believes that the interests of justice would not be served by dismissal of this suit on such easily correctable procedural grounds.

The evidence reveals that at the time the instant suit was filed, on November 26, 1990, the Plaintiff effectively lacked an attorney-client relationship with any person licensed to practice law within the Commonwealth. Since she was unrepresented by a licensed attorney, she was required, under § 8.01–271.1 to sign pleadings filed on her behalf. *See* Va. Code Ann. § 8.01–271.1. The Motion for Judgment filed on November 26, 1990, lacks that signature, but that omission may, also pursuant to § 8.01–271.1, be corrected at this time. Accordingly, the Court will enter an Order denying the Defendant's Motion to Dismiss and directing that the Plaintiff sign the Motion for Judgment filed with the Court on November 26, 1990.